UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
------------------------------------------------------------------- X
HERMES LAW, P.C., SYZYGY LEGAL TECH, INC. :
d/b/a CLAIMDECK,                          :      Civil Action No.: 3:24-cv-00624-K
                                          :
            Plaintiffs,                   :
                                          :
     v.                                   :
                                          :
SILVIA DIAZ-ROA,                          :
                                          :
            Defendant.                    :
------------------------------------------------------------------- X

# DEFENDANT SILVIA DIAZ-ROA'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT

**WIGDOR LLP**

Valdi Licul
William Baker

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
wbaker@wigdorlaw.com

**SIMPSON TUEGEL LAW FIRM**

Michelle Simpson Tuegel

3611 Swiss Avenue, Suite 200
Dallas, TX 75204
Telephone: (214) 774-9121
michelle@stfirm.com

*Counsel for Defendant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  BRIEF STATEMENT OF RELEVANT FACTS ............................................................. 1

II. LEGAL STANDARD ........................................................................................................ 4

   A.  Dismissal of Improper Declaratory Judgment Actions ............................................. 4

III. ARGUMENT ..................................................................................................................... 5

   A.  The Complaint Is an Improper Anticipatory Lawsuit ("Trejo factor" 2) ................. 5

   B.  Allowing the Plaintiffs to Gain Precedence in Time and Forum Would Result
       in Inequities ("Trejo factors" 3, 4 and 5) ................................................................. 7

   C.  Retaining This Lawsuit Would Run Counter to the Principle of Judicial
       Economy ("Trejo factor" 6) ...................................................................................... 8

IV. CONCLUSION ................................................................................................................ 10

**TABLE OF AUTHORITIES**

Cases                                                                                                                 Page(s)

909 Corp. v. Vill. of Bolingbrook Police Pension Fund,
    741 F. Supp. 1290 (S.D. Tex. 1990) ........................................................................ 7

American Automobile Ins. Co. v. Freundt,
    103 F.2d 613 (7th Cir. 1939) .................................................................................. 5

APS Cap. Corp. v. Mesa Air Grp., Inc.,
    No. A-07-CA-327-SS, 2007 WL 9706411 (W.D. Tex. June 7, 2007) .................... 7, 8

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976) ............................................................................................... 9

Dorsey v. Portfolio Equities, Inc.,
    540 F.3d 333 (5th Cir. 2008) .................................................................................. 3

E.I. DuPont de Nemours & Co. v. Pressman,
    679 A.2d 436 (Del. 1996) ....................................................................................... 6

Ferguson v. Extraco Mortg. Co.,
    264 F. App'x 351 (5th Cir. 2007) ............................................................................ 4

Fin. Acquisition Partners LP v. Blackwell,
    440 F.3d 278 (5th Cir. 2006) .................................................................................. 3

Granite State Ins. Co. v. Tandy Corp.,
    986 F.2d 94 (5th Cir. 1992) .................................................................................... 5

Great Am. Assur. Co. v. Waterhill Companies Ltd.,
    No. H-09-3196, 2010 WL 518760 (S.D. Tex. Feb. 4, 2010) ................................... 5, 8

Hoffman v. Parade Publ'ns,
    933 N.E.2d 744 (N.Y. 2010) ................................................................................... 9, 10

Integon Specialty Ins. Co. v. Republic Plastics, Ltd.,
    No. CV SA-10-CA802FB, 2011 WL 13234744 (W.D. Tex. Mar. 28, 2011) ........... 7

Kinetic Concepts, Inc. v. Connetics Corp.,
    No. Civ.A.SA-04-CA0237XR, 2004 WL 2026812 (W.D. Tex. Sept. 8, 2004) ....... 4, 9

Metro Optics, Inc. v. Contex Inc.,
    No. 3:95-CV-2157-T, 1996 WL 302697 (N.D. Tex. Mar. 14, 1996) ...................... 7

Mission Ins. Co. v. Puritan Fashions Corp.,
    706 F.2d 599 (5th Cir. 1983) ............................................................................................... passim

Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.,
    48 F.4th 603 (5th Cir. 2022) ......................................................................................................... 5

Serco Servs. Co., L.P. v. Kelley Co.,
    No. CA 3:93-CV-1885-R, 1994 WL 715913 (N.D. Tex. May 24, 1994) ................................. 6, 7

Serv. Corp. Int'l v. Loewen Grp. Inc.,
    No. CIV.A.H-96-3269, 1996 WL 756808 (S.D. Tex. Nov. 29, 1996) ......................................... 6

Sherwin-Williams Co. v. Holmes County,
    343 F.3d 383 (5th Cir. 2003) ................................................................................................. 4, 8

Smith v. Scott,
    No. CV 2020-0263-JRS, 2021 WL 1592463 (Del. Ch. Apr. 23, 2021) ...................................... 6

St. Paul Ins. Co. v. Trejo,
    39 F.3d 585 (5th Cir. 1994) ................................................................................................. passim

Tape & Techs., Inc. v. Davlyn Mfg. Co.,
    No.Civ.A.SA-04-CA1150XR, 2005 WL 1072169 (W.D. Tex. May 6, 2005) ..................... 5, 6, 9

Taylor v. Charter Med. Corp.,
    162 F.3d 827 (5th Cir. 1998) ........................................................................................................ 4

Texas Instruments Inc. v. Micron Semiconductor, Inc.,
    815 F. Supp. 994 (E.D. Tex. 1993) ............................................................................................... 7

Time, Inc. v. Manning,
    366 F.2d 690 (5th Cir. 1966) ........................................................................................................ 9

Van Dusen v. Barrack,
    376 U.S. 612 (1964) ...................................................................................................................... 9

Wilton v. Seven Falls Co.,
    515 U.S. 277 (1995) ...................................................................................................................... 4

Statutes

28 U.S.C. § 2201 .............................................................................................................................. 1, 4

New York Executive Law § 290(2) ..................................................................................................... 10

New York Executive Law § 290(3) ..................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1

Defendant Silvia Diaz-Roa ("Diaz-Roa") moves to dismiss the Complaint filed by Plaintiffs Hermes Law, P.C. ("Hermes Law" or the "Firm") and Syzygy Legal Tech, Inc. d/b/a ClaimDeck ("ClaimDeck") (collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6) in its entirety and with prejudice.  Plaintiffs bring three causes of action in this suit, all requesting that the Court issue declaratory judgments related to their termination of Diaz-Roa's employment.  Plaintiffs' action was brought in anticipation of Diaz-Roa's own lawsuit.  As Diaz-Roa is the proper plaintiff, the instant action represents a misuse of the Declaratory Judgment Act, 28 U.S.C. § 2201.

I.      **BRIEF STATEMENT OF RELEVANT FACTS**[1]

On February 20, 2017, Hermes Law hired Diaz-Roa, a "recent college graduate," as a "law clerk" to perform "clerical" tasks.  Compl. at ¶¶ 10-11.  Diaz-Roa was "an eager and dedicated employee" who played an "important role in implementing a number of important initiatives at Hermes Law, including (1) transitioning to a cloud-based system, (2) overhauling the firm's system for attorney billing and (3) beginning to build [ClaimDeck]."  Id. at ¶ 11.  Diaz-Roa was a "valuable employee" with "knowledge of all aspects of the business."  Id.

Diaz-Roa progressed rapidly through the ranks of the Firm.  For instance, Diaz-Roa originally planned to attend graduate school at Yale University ("Yale") in the Fall of 2017, where she had earned a full scholarship.  Id. at ¶¶ 12, 13.  Instead, Dwayne Hermes agreed to pay Diaz-Roa's Yale tuition so that she could defer her admission and continue working at the Firm full time.  Id. at ¶ 13.  Even after beginning her graduate studies in August 2018, Diaz-Roa continued to work for Hermes Law part time, id. at ¶¶ 14-15, and returned to full-time work after her graduation in June 2021.  Id. at ¶¶ 34-35.

---

[1] For purposes of this motion only, Diaz-Roa accepts as true the allegations in the Complaint.

1

Indeed, on December 22, 2022, approximately six months before Diaz-Roa's graduation, Hermes Law offered Diaz-Roa a position as a Project Manager to perform work for ClaimDeck, reporting directly to the company's founder, Dwayne Hermes. Id. at ¶¶ 20-21; id. at Exh. 3, p. 1. And because Diaz-Roa intended to move to New York after her graduation, id. at ¶ 18, she negotiated the right to work remotely. Id. at ¶ 22; id. at Exh. 3, p. 1.

Moreover, after more than four years of employment, Hermes Law and Syzygy named Diaz-Roa a "Key Advisor," id. at ¶ 23, and awarded her 58,825 options to purchase Syzygy shares. Id. at ¶ 26.[2] Not all employees received such equity. Rather, the recipients were selected by ClaimDeck's directors, including Dwayne Hermes, to "promote the best interests of the Company and its stockholders," id. at Exh. 1, p. 1, and "to contribute materially to the growth of the Company." Id. at Exh. 2, p. 6. However, Diaz-Roa could not immediately exercise her options. She had to wait until they vested. Id. at Exh. 1, p. 1-2.

On August 4, 2023, Diaz-Roa's options fully vested. Id. at ¶ 26. She now could convert all of her options into Syzygy shares. Before she could do so, on February 9, 2024 (relatively shortly after full vesting), Plaintiffs suddenly terminated Diaz-Roa's employment, purportedly for "cause," id. at ¶ 26, conveniently stripping Diaz-Roa of the right to the equity she had earned as a result of her hard work. Plaintiffs claimed that Diaz-Roa had been a poor employee for years, since at least the Fall of 2018, when she began her graduate studies at Yale. Id. at ¶¶ 14-16. According to them, Diaz-Roa had a poor "attitude," lacked "commitment," "harmed" the

---

[2] An option is the right to purchase a share of stock in a company at a predetermined price. Cornell Law School, Legal Information Institute, https://www.law.cornell.edu/wex/stock_option [last accessed 4/5/2024].

2

company, "flaunted" the remote work policy and "lacked the skillset necessary to successfully perform her job duties." Id. at ¶¶ 16, 17, 36.[3]

Diaz-Roa immediately challenged her dismissal for cause. Id. at ¶¶ 64, 73, 81. On February 9, 2024, she notified Plaintiffs in writing of a "potential legal dispute" concerning her employment and directed Plaintiffs to preserve all relevant documents. Id. at ¶ 65; Ex. B, A-0016-17.[4] On February 24, 2024, Diaz-Roa again notified Plaintiffs in writing of the "legal dispute arising from [her] former employment," Ex. C, A-0018-19, and described her dismissal as "wrongful." Ex. D, A-0020-22.[5]

On March 14, 2024, Plaintiffs filed this action. They do not allege any legal claims against Diaz-Roa or seek any affirmative relief. Rather, they seek only a declaration that Diaz-Roa was fired for "cause" and thus forfeited her earned equity. Compl. at ¶ 1. According to Plaintiffs, such a declaration "will serve the useful purpose of clarifying and settling the legal relations between the parties, and it will relieve uncertainty, and controversy." Id. at ¶¶ 67, 74, 82. Less than a week later, on March 20, 2024, Diaz-Roa filed a Complaint against the Plaintiffs in the Southern District of New York (the "SDNY Suit"), alleging affirmative employment

---

[3] Unsurprisingly, Plaintiffs fail to explain why, over nearly five years, they paid for Diaz-Roa's tuition, permitted her to work while attending graduate school, rehired and promoted her upon graduation, named her a "Key Advisor" and awarded her equity while, during the same period, Diaz-Roa was a "poor" employee who, according to them, lacked the basic skills to perform the job.
[4] "A-__" refers to the Appendix filed in conjunction with the instant motion.
[5] Plaintiffs incorporate Diaz-Roa's communications concerning her claims in their complaint. Compl. at ¶ 65. Accordingly, this Court may consider these communications in determining the motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citing Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006)).

claims against defendants and seeking, among other things, economic, compensatory and punitive damages. See Ex. A, A-0001-15.[6]

## II. LEGAL STANDARD

### A. Dismissal of Improper Declaratory Judgment Actions

A district court is "not required to provide declaratory judgment relief" under the Declaratory Judgment Act, 28 U.S.C. § 2201. Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983); see also Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration"). Rather, a court may—and in some cases, should—decline to exercise jurisdiction in a declaratory judgment case brought for "'improper and abusive'" or "subversive" reasons. Kinetic Concepts, Inc. v. Connetics Corp., No. Civ.A.SA-04-CA0237XR, 2004 WL 2026812, at *3 (W.D. Tex. Sept. 8, 2004) (quoting Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 391 (5th Cir. 2003)). Such improper actions "should likely be dismissed" and heard in an appropriate "non-declaratory suit." Id.

The Fifth Circuit has set out a non-exhaustive list of factors that a district court should consider in evaluating whether to dismiss a declaratory judgment action (the "Trejo factors"), including:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing suit;

---

[6] This Court may take judicial notice of the SDNY Suit. Ferguson v. Extraco Mortg. Co., 264 F. App'x 351, 352 (5th Cir. 2007) (quoting Taylor v. Charter Med. Corp., 162 F.3d 827, 829 (5th Cir. 1998)).

4

    (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

    (5) whether the federal court is a convenient forum for the parties and witnesses;

    (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

    (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Tape & Techs., Inc. v. Davlyn Mfg. Co., No. Civ.A.SA-04-CA1150XR, 2005 WL 1072169, at *2 (W.D. Tex. May 6, 2005) (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994)).

While all of the Trejo factors may be considered by the Court, none is "mandatory," and the Court may disregard irrelevant Trejo factors and take other, relevant considerations under advisement. Granite State Ins. Co. v. Tandy Corp., 986 F.2d 94, 96 (5th Cir. 1992); see also Great Am. Assur. Co. v. Waterhill Companies Ltd., No. H-09-3196, 2010 WL 518760, at *5 (S.D. Tex. Feb. 4, 2010) (noting that "[t]he Fifth Circuit does not require a 'mathematical' or mechanical weighing" of the "non-exclusive" Trejo factors).

### III. ARGUMENT

#### A. The Complaint Is an Improper Anticipatory Lawsuit ("Trejo factor" 2)

Anticipatory lawsuits represent "a misuse of the Declaratory Judgment Act that attempt[] to preempt the proper plaintiff's forum choice" and win the "race to the courthouse." Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C., 48 F.4th 603, 606 (5th Cir. 2022); see also Mission Ins. Co., 706 F.2d at 602 ("'The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum'") (quoting American Automobile Ins. Co. v. Freundt, 103 F.2d 613, 617 (7th Cir. 1939)).

Put differently, parties are not allowed "to secure [their] preferred forum by filing an action for a declaratory judgment when [they have] notice that another party intends to file suit involving the same issues in a different forum." Tape & Techs., 2005 WL 1072169, at *3. The anticipatory nature of this action is sufficient, standing alone, for the Court to decline to exercise jurisdiction and dismiss this case. Mission Ins. Co., 706 F.2d at 602.

Here, there can be no doubt that Plaintiffs filed an anticipatory suit. This suit and the SDNY Suit "involve the exact same determination[s]." Tape & Techs., 2005 WL 1072169, at *3; see also Ex. A at ¶¶ 61-83, A-011-14. Plaintiffs ask this Court to declare that Diaz-Roa was terminated for cause and has "no equity in [ClaimDeck]." Compl. at ¶ 83. In essence, they seek no relief from this Court other than a statement that Plaintiff has no claims concerning her dismissal. (Id. at ¶ 2.) By contrast, Diaz-Roa filed the SDNY Suit seeking actual damages for, among other things, Plaintiffs' violation of Delaware law, which prohibits an employer from attempting to forfeit an employee's compensation by manufacturing "cause" for the employee's dismissal. E.I. DuPont de Nemours & Co. v. Pressman, 679 A.2d 436, 444 (Del. 1996); Smith v. Scott, No. CV 2020-0263-JRS, 2021 WL 1592463, at *8 (Del. Ch. Apr. 23, 2021); see also Ex. A, A-0001-15. There can be doubt that Plaintiffs filed this action for the improper purpose of obtaining "a declaration that an opposing party [here, Diaz-Roa] may not bring a lawsuit." Serv. Corp. Int'l v. Loewen Grp. Inc., No. CIV.A.H-96-3269, 1996 WL 756808, at *2 (S.D. Tex. Nov. 29, 1996). "A plaintiff's choice of forum should only be given protection where the plaintiff before the court is the proper plaintiff—not a manufactured plaintiff through the misapplication of a declaratory judgment." Serco Servs. Co., L.P. v. Kelley Co., No. CA 3:93-CV-1885-R, 1994 WL 715913, at *2 (N.D. Tex. May 24, 1994), aff'd, 51 F.3d 1037 (Fed. Cir. 1995).

## B. Allowing the Plaintiffs to Gain Precedence in Time and Forum Would Result in Inequities ("Trejo factors" 3, 4 and 5)

The third, fourth and fifth Trejo factors also require dismissal. Trejo, 39 F.3d at 591. All three of these factors center on the unfairness of "[a]nticipatory suits," which "deprive a potential plaintiff of [her] choice of forum." 909 Corp. v. Vill. of Bolingbrook Police Pension Fund, 741 F. Supp. 1290, 1293 (S.D. Tex. 1990).

Allowing Plaintiffs to proceed in this declaratory judgment action would allow them to "gain precedence in time and forum by [their] conduct." Mission Ins. Co., 706 F.2d at 601. Having a choice of forum preferences the Plaintiffs in this action, particularly by "alleviat[ing]" litigation expenses and inconveniences through reduced travel. Metro Optics, Inc. v. Contex Inc., No. 3:95-CV-2157-T, 1996 WL 302697, at *2 (N.D. Tex. Mar. 14, 1996); see also Serco Servs. Co., L.P., 1994 WL 715913, at *2 (holding that a declaratory judgment plaintiff "cannot alleviate its litigation expense merely by improperly claiming 'plaintiff' status"). Plaintiffs have also been able to file this action at their convenience, within a month of terminating Diaz-Roa's employment. This gives Plaintiffs an advantage in time. "This type of anticipatory filing is, in and of itself, undesirable forum shopping." APS Cap. Corp. v. Mesa Air Grp., Inc., No. A-07-CA-327-SS, 2007 WL 9706411, at *2 (W.D. Tex. June 7, 2007).

Further, there is a "general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights." Texas Instruments Inc. v. Micron Semiconductor, Inc., 815 F. Supp. 994, 996 (E.D. Tex. 1993). Plaintiffs' Complaint, which exclusively seeks a declaratory judgment and no other remedy, alleges no infringement of any right. It merely seeks to "prevent . . . the real plaintiff[] from litigating the dispute in the forum of [her] choice." Integon Specialty Ins. Co. v. Republic Plastics, Ltd., No. CV SA-10-CA802FB, 2011 WL 13234744, at *9 (W.D. Tex. Mar. 28, 2011), report and recommendation adopted, No.

CV SA-10-CA802FB, 2011 WL 13234896 (W.D. Tex. June 13, 2011).  By contrast, Diaz-Roa pleads that Plaintiffs violated contract law and infringed on her employment rights in her SDNY complaint.  Ex. A at ¶¶ 51-83, A-010-14.  It is inherently "unfair[]" for Diaz-Roa to stand as a defendant in this action wherein she is "the true plaintiff."  APS Cap. Corp., 2007 WL 9706411, at *2.

Moreover, this is not a case in which Diaz-Roa has been dilatory in asserting her rights.  See, e.g., Great Am. Assur. Co., 2010 WL 518760, at *4 (exercising jurisdiction over declaratory judgment action where defendant waited over six months after insurance company closed its file before attempting to assert claims).  Diaz-Roa was fired by the Plaintiffs just over one month before they initiated this declaratory judgment action.  There was no imminent risk, for instance, of Diaz-Roa sitting on her claims until just before they became stale or the statute of limitations ran.  See Sherwin-Williams Co., 343 F.3d at 397.

Nor is this a case in which the Plaintiffs have filed for declaratory judgment in order to "litigate in a single forum issues that would arise in a number of suits it anticipated facing."  Id. at 401.  Diaz-Roa is a single proper plaintiff who, upon informing the proper defendants of her intention to file a lawsuit to press her claims, was undercut.  Plaintiffs have misused the Declaratory Judgment Act to usurp Diaz-Roa's privilege of forum selection by filing this action.

C.  **Retaining This Lawsuit Would Run Counter to the Principle of Judicial Economy ("Trejo factor" 6)**

Finally, this Court must dismiss this suit because to maintain it would run counter to the principle of judicial economy, the sixth Trejo factor.  Trejo, 39 F.3d at 591.

This action solely seeks the relief of a declaratory judgment.  The SDNY Suit seeks a complete adjudication of the underlying issues on the merits, and also implicates state-law sexual harassment claims.  This action will not "completely settle the disputed issues," including Diaz-

8

Roa's sexual harassment claims and her tortious interference claim. See Mission Ins. Co., 706 F.2d at 603. The litigation of this action would not resolve many of the underlying state law claims, making the SDNY Suit the more "exhaustive" action. Kinetic Concepts, Inc., 2004 WL 2026812, at *4 ("Even if this Court were to decide the [claims before it] through declaratory judgment, the [New York] suit might still be able to go forward on the state law claims"). Permitting this action to proceeding would ultimately result in "piecemeal and duplicate litigation." Tape & Techs., 2005 WL 1072169, at *4 (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976)). Having a suit proceed in only one jurisdiction would also be convenient for the Parties and any witnesses. Id.; see also Kinetic Concepts, Inc., 2004 WL 2026812, at *4 ("it appears to the Court that the Texas forum would be just as burdensome to Defendant as the [New York] forum would be to Plaintiff[s]").

Further, Texas law is not at issue in this case. The SDNY Suit implicates New York State and New York City sexual harassment statutes. Ex. A at ¶¶ 51-83, A-010-14.[7] In analogous situations involving transfer and *forum non conveniens* questions, courts consider their own familiarity with governing state law. See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 645 (1964) ("There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle . . . in law foreign to itself"); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966) ("a New York federal court would be more familiar with the applicable New York law"). Here, New York courts are not only familiar with the applicable statutes, but also have a particular interest in enforcing discrimination laws for those who work within its borders. See Hoffman v. Parade Publ'ns, 933 N.E.2d 744, 747 (N.Y. 2010) (invoking "the police power of [New York

---

[7] The "cause" issue will be determined under Delaware law. Compl. at Exh. 2, p. 21.

State] for the protection of the public welfare, health and safety of the people of this state," the State law "declares that the State of New York 'has the responsibility to act to assure that every individual within [New York State] is afforded equal opportunity to enjoy a full and productive life,' and that failure to afford equal opportunity 'threatens the peace, order, health, safety and general welfare of the state and its inhabitants'") (citing New York Executive Law §§ 290(2),(3)); id. at 746 ("The [City Law] declares, among other things, that 'prejudice, intolerance, bigotry, and discrimination . . . threaten the rights and proper privileges of [the city's] inhabitants,' and that '[i]n the city of New York . . . there is not greater danger to the health, moral, safety and welfare of the city and its inhabitants that the existence of groups prejudiced against one another . . .").

### IV.    CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant Diaz-Roa's Motion to Dismiss in its entirety.

Dated: April 8, 2024
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
     Valdi Licul
     William Baker

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
wbaker@wigdorlaw.com

**SIMPSON TUEGEL LAW FIRM**


By: /s/ Michelle Simpson Tuegel
     Michelle Simpson Tuegel

3611 Swiss Avenue, Suite 200
Dallas, TX 75204
Telephone: (214) 774-9121
michelle@stfirm.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document has been served electronically through the CM/ECF system on April 8, 2024 upon:

Kevin Vela
State Bar No. 24066239
kvela@velawood.com
Vela Wood Stanley Young P.C.
5307 E Mockingbird Ln.
Suite 800
Dallas, TX 75206
(214) 821-2300

By: _____
        Valdi Licul